# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BALJEET KAUR,**
**AMAN SINGH, DIMPLE KAUR,**

          Appellant,

          **Case No. 09-CV-349**

    **-vs-**

**SYED TAQI SHAH, SYEDA AKHTAR,**
**STEVEN R. McDONALD,**

          Appellees.

## DECISION AND ORDER

This matter is an appeal from an order in a Chapter 7 bankruptcy proceeding. On March 2, Baljeet Kaur, Aman Singh, and Dimple Kaur filed a notice of appeal. On April 1, Syed Shah and Syeda Akhtar filed a motion to strike the notice of appeal. The motion to strike was docketed in the bankruptcy court. Later the same day, the appeal was docketed in this Court.

Appellees argue that the notice of appeal should be stricken because it does not comply with Fed. R. Bankr. P. 8001(a), which provides that a notice of appeal shall "(1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee." The notice of appeal is not in strict and literal compliance with these requirements, but such failure is not "jurisdictional in the sense that a failure to comply, however innocuous, spells

doom for the appeal." *Fadayiro v. Ameriquest Mortgage Co.*, 371 F.3d 920, 922 (7th Cir. 2004). Appellants paid the prescribed fee. The notice of appeal substantially complies with the relevant form (Official Form 17). It describes the order being appealed from and indicates the relevant parties to the appeal. It doesn't list the names and addresses for the appellees' attorneys, but the absence of this information was disregarded in *Fadayiro*.

However, appellants are not prosecuting this appeal. They did not designate the record on appeal. *See* Fed. R. Bankr. P. 8006 ("Within 10 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented"). They also failed to file a brief in support of their appeal. *See* Fed. R. Bankr. P. 8009(a)(1) ("The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket . . .").

"An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Rule 8001(a). This language grants the district court discretion to dismiss an appeal for want of prosecution. *See, e.g., Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *In re Harris*, 464 F.3d 263, 269-70 (2d Cir. 2006). Because the appellants appear to be proceeding *pro se*, the Court will grant them leave to justify their failure to comply with the above-described rules. *See, e.g.,* Fed. R. Bankr. P. 9006(b)(1); *Harris* at 272 (before dismissing under Rule 8001(a), "district

courts will generally need to provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Appellees' motion to strike the notice of appeal is **DENIED**; and

2. Appellants must provide a statement to the Court regarding their failures to timely comply with Fed. R. Bankr. P. 8006 (designation of record) and Fed. R. Bankr. 8009 (brief in support of appeal). This statement must be filed with the Court within **ten (10)** days of the date of this Order. **FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE DISMISSAL OF THIS APPEAL.**

Dated at Milwaukee, Wisconsin, this 1st day of May, 2009.

                                            **SO ORDERED,**

                                            *s/ Rudolph T. Randa*
                                            **HON. RUDOLPH T. RANDA**
                                            **Chief Judge**